IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


CHARLES LEROY FREEMAN III,

Plaintiff

Vs.                                             No. 04-4145-SAC

UMB BANK, UMB BANK SALINA, KS,
UMB BANK K.C., MO., CROSBY KEMPER III,
DEPARTMENT OF THE TREASURY
 INTERNAL REVENUE SERVICE,
BETH MARNEY, DAN REDICK,
JAMES SANGSTER, AND
UNKNOWN NEW ACC'S TELLER,

Defendants


MEMORANDUM AND ORDER

This case comes before the court on motions filed by most parties to

dismiss the case.  Plaintiff's civil complaint alleges, among other matters, that

defendants  accepted and cashed a forged IRS refund check which had been

issued to plaintiff in the amount of $3,191.86.  Plaintiff's suit alleges defendants

violated Article VII, Section I of the United States Constitution, and 25 separate

federal criminal statutes.

PLAINTIFF'S MOTION TO DISMISS

In this motion, plaintiff asks the court to dismiss his claims against

certain defendants because he has settled his claims with them.  Plaintiff's motion for dismissal includes UMB Bank and the following persons alleged to be officers or employees of the bank: Crosby Kemper III, Beth Marney, Daniel Rettig, and James Sangster.   By plaintiff's reference to "UMB Bank," the court presumes that the settlement agreement and plaintiff's motion encompass all three UMB Bank defendants, *i.e.*, the two branch offices as well as the main branch.  The court grants plaintiff's motion to dismiss his case against the above-named defendants with prejudice.

Not included in the motion to dismiss are named defendants "unknown new acc's teller," and the "Department of the Treasury Internal Revenue Service."  The court presumes that "unknown new acc's teller" refers to unknown new account's teller(s) at UMB Bank, and that the settlement agreement and plaintiff's motion to dismiss include such person(s) as well.[1]  Accordingly, the court grants plaintiff's motion to dismiss his case against "unknown new acc's teller" with prejudice.

IRS MOTION TO DISMISS

Defendant Department of the Treasury Internal Revenue Service

---

[1]In the event the court errs in so presuming, it invites a motion for reconsideration.

("IRS") moves the court to dismiss it from the case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### Article VII of the United States Constitution

As a basis for one of his claims, plaintiff invokes the Seventh Article of the United States Constitution. This Article, captioned "Ratification of Original Articles," states in its entirety: "The Ratification of the Conventions of nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same."

The court shall resist the temptation to speculate whether plaintiff intended to invoke some provision other than Article VII of the Constitution, such as the Seventh Amendment to the United States Constitution which provides for jury trial in most civil suits at common law. Although a pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court is not to "construct arguments or theories for [a party] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

In any event, plaintiff's constitutional claim against the IRS, a federal agency, is barred by the doctrine of sovereign immunity.

"[T]he doctrine of sovereign immunity prohibits suits against the United States except in those instances in which it has specifically consented to be sued." *United States v. Richman* (*In re Talbot*), 124 F.3d 1201, 1206 (10th Cir. 1997). "The United States consents to be sued only when Congress unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." *Id.*

*Fent v. Oklahoma Water Resources Bd.*, 235 F.3d 553, 556 (10th Cir. 2000).

Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 770, 85 L. Ed. 1058 (1941). *See also United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 2965, 77 L. Ed. 2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The United States and its agencies are not subject to suit under *Bivens*." *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997). *See Meyer*, 510 U.S. at 484-86 (refusing to imply a Bivens-type cause of action directly against a federal agency). Plaintiff cannot sue the IRS for a constitutional violation without bringing suit under a statute that waives the sovereign immunity of the United States. Because plaintiff has failed to do so, the court lacks jurisdiction over this constitutional claim.

**Criminal Laws**

4

Plaintiff's remaining claims are brought pursuant to a host of federal criminal statutes.[2]  These include statutes pertaining not only to substantive offenses including subornation of perjury and defrauding a financial institution, but also statutes relating to procedural issues such as venue, penalties, and notices of forfeiture.

A plaintiff may not recover a civil judgment under criminal laws. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir.), *cert. denied*, 466 U.S. 976 (1984).  Nor can an individual citizen commence a criminal prosecution.  *United States v. Bryson*, 434 F. Supp. 986, 988 (W. D. Okla. 1977);  *State ex rel. Savage v. Arnold*, 403 F. Supp. 172, 174 (E.D. Pa.1975).  "Generally, a private citizen has no authority to initiate a federal criminal prosecution.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)."  *Daugherty v. United States*, 73 Fed. Appx. 326, 329, 2003 WL 21666677, *2 (10th Cir. 2003).

When a plaintiff attempts to bring suit under a federal criminal statute, but fails to establish that a private cause of action exists under that statute, dismissal for lack of subject matter jurisdiction is appropriate.  *See Kaw Nation v. Springer*, 341 F.3d 1186, 1187 (10th Cir. 2003).

---

[2]Plaintiff invokes the following sections of Title 18 of the United States Code: 1001, 3232, 3237, 662, 656, 514, 510, 473, 371, 241, 21, 1344, 3682, 3293, 1622, 1621, 1031, 1006, 1005, 1004, 657, 1003, 1002, 301, and 644.

> Federal courts have no jurisdiction of cases prosecuted in the name of the
> United States unless they are prosecuted by the United States Attorney.  The
> prosecution of criminal actions in the federal courts is a matter solely within
> the discretion of the Attorney General of the United States and duly
> authorized United States Attorneys.

*United States v. Bryson*, 434 F. Supp. 986, 988 (W.D. Okla. 1977).  The court

thus lacks jurisdiction over plaintiff's purported criminal claims against this

defendant.

The court declines to reach IRS's other theories in support of its

motion to dismiss, and its motion to quash service of process.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss

(Dk. 10) is granted with prejudice, that defendant IRS's motion to dismiss for lack

of subject matter jurisdiction (Dk. 11) is granted, and that defendant IRS's motion

to quash service of process (Dk. 12) is denied as moot.

Dated this 13th day of January, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge